# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSEPH-JAMAL R. BRANTLEY,<br><br>                              Petitioner,<br>v.<br><br>ROBERT MILLER,<br><br>                              Respondent. | Case No. 21-CV-1197-JPS<br><br><br><br>**ORDER** |

On October 15, 2021, Petitioner Joseph-Jamal R. Brantley ("Petitioner), through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On August 23, 2022, the Court granted Petitioner's motion to stay the case while he exhausted state court remedies, and the Court administratively closed the case subject to a motion to reopen the case. ECF No. 5. On June 24, 2025, the Court granted Petitioner's motion to reopen the case and allowed him to file an amended petition. ECF No. 18. On July 11, 2025, Petitioner filed an amended petition. ECF No. 19. This Order screens the amended petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

1.       **FACTUAL BACKGROUND**

Following a 2015 jury trial, Petitioner was convicted of party to the crime, of first-degree reckless homicide while using a dangerous weapon, first-degree recklessly endangering safety while using a dangerous weapon, armed robbery, and carrying a concealed weapon. ECF No. 19-6 at 3. The trial court sentenced him to twenty-three years of initial confinement, seventeen years of extended supervision, and a consecutive term of ten

years of probation. *Id.* at 4. Following his conviction, Petitioner filed a postconviction motion alleging a *Brady* violation and prosecutorial misconduct. *Id.* The circuit court denied the postconviction motion after holding an evidentiary hearing. *Id.* Petitioner appealed that decision and the Wisconsin Court of Appeals affirmed the decision in December 2019. ECF No. 19-2. The Wisconsin Supreme Court subsequently denied the petition for review in May 2020. ECF No. 19-3.

In November 2022, Petitioner filed a postconviction motion under Wis. Stat. § 974.06. ECF No. 19 at 4. In that motion he raised two claims of ineffective assistance of trial counsel as well as a claim of ineffective assistance of postconviction counsel for failing to raise those claims in his direct appeal. *Id.* The Wisconsin Court of Appeals affirmed the decision in January 2025. ECF No. 19-6. The Wisconsin Supreme Court denied the petition for review on May 21, 2025. ECF No. 19-7.

Now, Petitioner seeks habeas relief on the following three grounds: (1) ineffective assistance of trial counsel for the failure to investigate exculpatory evidence from Barry Tisby Jr. and failing to use this information on cross-examination; (2) ineffective assistance of trial counsel for the failure to investigate and use at trial information undermining the State's expert's opinion on the gun that shot the fatal bullet; and (3) the ineffective assistance of postconviction/appellate counsel for failing to raise the ineffective assistance of trial counsel issues on direct appeal. ECF No. 19 at 6–8.

**2. ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that

Page 2 of 8
Case 2:21-cv-01197-JPS   Filed 08/05/25   Page 2 of 8   Document 20

the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

### 2.1 Timeliness

First, the Court considers the timeliness of the petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's habeas petition; it requires a petitioner to file his federal habeas petition within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Subsection (2) of the same statute provides for tolling of the one-year period for properly filed state post-conviction motions. 28 U.S.C. § 2244(d)(2). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Court cannot say that the amended petition is plainly untimely. Petitioner has actively been pursuing his appeals and post-conviction motions since his conviction in 2015. Petitioner's grounds for relief are premised on the ineffectiveness of his post-conviction counsel that likely would not have been discovered until after the direct appeal concluded. As such, the Court cannot conclude that the petition is plainly untimely.

### 2.2 Exhaustion

Next, the Court analyzes whether Petitioner fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest

court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' January 29, 2025 decision and the Wisconsin Supreme Court denying review of the petition, it appears that Petitioner has exhausted the grounds in his amended petition.

### 2.3 Procedural Default

The Court next determines whether Petitioner has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, Petitioner has likely procedurally defaulted his claims for relief because the Wisconsin Court of Appeals concluded that the ineffective assistance of counsel claims were procedurally barred under *State v. Escalana Naranjo*, 185 Wis. 2d 168, 181, 517 N.W.2d 157 (1994). *See* ECF No. 19-6 at 8. However, because it is not plainly apparent on the face of the amended petition that Petitioner cannot show cause and prejudice to overcome his procedural default, the amended petition will not be dismissed at this juncture.

### 2.4 Frivolous Claims

The Court concludes its Rule 4 review by screening the amended petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without

expressing any opinion as to the potential merit of Petitioner's claims, it does not plainly appear that they are frivolous.

**3.    CONCLUSION**

The amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1.    Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the amended petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2.    If Respondent files an answer, then the parties should abide by the following briefing schedule:

a.    Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his amended petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

b.    Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the amended petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the amended petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department

of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge