# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH-JAMAL R. BRANTLEY,

    **Petitioner,**

    v.                                                                              Case No. 21-CV-1197-SCD

ROBERT MILLER,
    *Warden, Racine Correctional Institution,*

    **Respondent.**

## DECISION AND ORDER

    Joseph-Jamal Brantley was tried in Wisconsin state court for charges related to the death of Anthony Edwards. A jury found Brantley guilty of first-degree reckless homicide, armed robbery, first-degree reckless endangerment, and carrying a concealed weapon. He was sentenced to 23 years' initial confinement, 17 years' extended supervision, and 10 years' probation. On direct appeal, Brantley argued that police misconduct and a potential Brady violation denied him due process and a fair trial. The state circuit court denied the motion following an evidentiary hearing and the state appellate court affirmed. Brantley filed a second postconviction motion alleging ineffective assistance of trial counsel for failure to challenge certain testimony, and ineffective assistance of appellate counsel for failure to raise these stronger issues. The circuit court denied that motion without a hearing, and the state appellate court affirmed.

    Brantley has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has moved to dismiss the petition, arguing that Brantley's claims are procedurally barred. Because Brantley's claims are procedurally defaulted and he has not

shown an excuse for that default, I will grant the respondent's motion, deny Brantley's petition, and dismiss this action.

## BACKGROUND

After the death of Anthony Edwards, the state brought charges against Joseph-Jamal Brantley for first-degree reckless homicide with a dangerous weapon (PTAC), first-degree recklessly endangering safety with a dangerous weapon (PTAC), armed robbery (PTAC), and carrying a concealed weapon. *See* Am. Pet. 2, ECF No. 19. In 2014, Brandon Horak arranged a drug buy between Brantley and Markese Tibbs, and Jacob Lang and Edwards. *See* Am. Pet. Ex. 6 ¶ 2, ECF No. 19-6; Am. Pet. Ex. 2 ¶ 2, ECF No. 19-2. During the transaction, someone shot Edwards, who was in a vehicle with Lang, and he died. Am. Pet. Ex. 6 ¶ 2, ECF No. 19-6. Lang initially identified Tibbs as the shooter, but he testified at trial that Brantley was the shooter. Am. Pet. Ex. 1 at 5, ECF No. 19-1. Tibbs also testified that Brantley was the shooter. *Id.* at 2–3; Am. Pet. Ex. 2 ¶ 26, ECF No. 19-2. Horak testified that, after the robbery, Brantley said that he had shot but missed. Am. Pet. Ex. 1 at 6, ECF No. 19-1; Am. Pet. Ex. 2 ¶ 21, ECF No. 19-2.

Police searched the duplex where Brantley was living, Tibbs was staying, and Horak was visiting. *See* Am. Pet. Ex. 1 at 5, ECF No. 19-1. They found a .32-caliber revolver above a ceiling tile. *Id.* at 6. Testing revealed Brantley was a possible DNA contributor, but Tibbs was not. *Id.* At trial, a crime lab technician testified that markings from the .32-caliber bullet retrieved from Edwards's body matched markings on a newly-fired bullet from the discovered revolver—so the bullet that killed Edwards came from this gun. *Id.* at 6–7.

Police also found Tibbs's driver's license and a .22-caliber bullet in a backpack. *Id.* at 18; Am. Pet. Ex. 2 ¶ 3, ECF No. 19-2. Defense was told on day five of a six-day trial that the

license and bullet had been planted by an officer. Am. Pet. Ex. 2 ¶ 4, ECF No. 19-2. The officer testified about his misconduct. *Id.* ¶¶ 4–6. The jury found Brantley guilty on all counts, and he was sentenced to 23 years' initial confinement, 17 years' extended supervision, and a consecutive term of 10 years' probation. Am. Pet. Ex. 6 ¶ 6, ECF No. 19-6.

Represented by new counsel, Brantley's direct appeal centered around the police misconduct and a potential Brady violation from untimely disclosure of that misconduct. *See* Am. Pet. 3, 11, ECF No. 19. The trial court held an evidentiary hearing and found that the evidence, while exculpatory as to Tibbs, wasn't exculpatory as to Brantley. *See* Am. Pet. Ex. 2 ¶ 11, ECF No. 19-2. Further, the jury considered the impact of the misconduct since the officer testified. *Id.* The court of appeals affirmed, and the Supreme Court of Wisconsin denied review. *See id.*; Am. Pet. 3, ECF No. 19.

Represented by new counsel, Brantley filed a 974.06 motion raising the issues relevant to his habeas petition. *See* Am. Pet. 3, 11, ECF No. 19. Brantley maintained that he was being framed and wasn't at the meet-up; Brantley's trial counsel had pursued a theory that Brantley was there but wasn't the shooter. *See* Am. Pet. Ex. 1 at 7–8, ECF No. 19-1. Prior to trial, Tisby, a fellow inmate, wrote an affidavit that through communication with Horak he knew Horak was desperate get out of jail, and someone called "Moe" was involved in the robbery, not "Doe-Boi" (Brantley). *See id.* Trial counsel crossed Horak about his motive to get out of jail but didn't cross Horak or Tibbs about "Moe." *Id.* at 8–9. Trial counsel didn't interview Tisby until the trial was underway and didn't call him to testify. *Id.* That is the first ground for ineffective assistance of trial counsel.

The second ground relates to the firearm and toolmark evidence. *Id.* at 11. In the years since Brantley's 2015 trial, research has cast doubt on firearm and toolmark evidence. *See id.*

3

Brantley argues that trial counsel didn't do enough with the research available then. *See id.* at 11–13. Trial counsel challenged the subjectivity of pattern-matching bullet markings. *Id.* at 12. But he did not challenge reproducibility, or how this method relies on drawing conclusions from limited information. *Id.* at 13–14. The expert didn't identify what uniquely matched in the bullet markings, and, Brantley argues, even an untrained eye can see non-matching markings. *Id.* at 14–15. Trial counsel didn't cross-examine the expert on these problems. *See id.*

The third ground for relief is ineffective assistance of appellate counsel for failing to raise these issues. *Id.* at 17–18. Brantley argues appellate counsel should have appealed (1) trial counsel's failure to cross-examine Tibbs and Horak about Tisby's "Moe" claim, and (2) trial counsel's failure to effectively challenge the scientific validity of the firearm evidence. *Id.*

The circuit court denied Brantley's 974.06 motion without a hearing. *See* Am. Pet. Ex. 9, ECF No. 19-9. The Wisconsin Court of Appeals affirmed. Am. Pet. Ex. 6 ¶ 1, ECF No. 19-6. These are the two key paragraphs from the appellate opinion:

> ¶16 We conclude that Brantley's postconviction motion failed to sufficiently allege deficient performance and prejudice. It failed to allege with specificity why trial counsel was ineffective: (1) for strategically deciding not to cross-examine Horak and Tibbs about a statement Horak supposedly made to a cellmate exculpating Brantley; (2) for strategically deciding against calling Powell to provide hearsay testimony that Brantley did not like his accomplices; and (3) in how he challenged the opinion testimony of the State's firearms and toolmark expert during the trial.

> ¶17 We further conclude that Brantley failed to sufficiently allege postconviction counsel was ineffective because these challenges to trial counsel's performance, whether viewed individually or cumulatively, were not clearly stronger than the challenges counsel raised on direct review. *See Romero-Georgana*, 360 Wis. 2d 522, ¶35. We concluded above that the trial court did not err in deciding that Brantley's proffered newly discovered evidence regarding the firearms and toolmark evidence and Powell's testimony regarding his dislike of Horak and Tibbs did not entitle him to an evidentiary hearing or a new trial. In contrast, the trial court held an evidentiary hearing on Brantley's

> earlier postconviction motion regarding police and prosecutorial misconduct. Therefore, we conclude that Brantley's new claims are not clearly stronger than the claims presented in his previous postconviction motion. Accordingly, Brantley's claim of ineffective assistance of counsel claim is procedurally barred. *See Escalona-Naranjo*, 185 Wis. 2d at 186.

*Id.* ¶¶ 16–17. The Wisconsin Supreme Court denied Brantley's petition for review on May 21, 2025. Am. Pet. Ex. 7, ECF No. 19-7.

In October 2021, Brantley filed a federal habeas petition along with a motion to stay while he exhausted additional claims in state court. *See* Pet., ECF No. 1; Mot. to Stay, ECF No. 2. In July 2025, Brantley filed an amended habeas petition after exhausting his state claims. *See* Am. Pet., ECF No. 19. The matter was assigned to me after all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 3, 23, 24. Robert Miller, the warden who has custody of Brantley, has moved to dismiss the petition. *See* Respt's Mot., ECF No. 25; Respt's Br., ECF No. 26. Brantley has submitted a brief opposing the motion, *see* ECF No. 27, and Miller has filed a reply brief, *see* ECF No. 28.

## DISCUSSION

Miller argues that Brantley's grounds for relief are procedurally defaulted. "[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Whyte v. Winkleski*, 34 F.4th 617, 623 (7th Cir. 2022) (quoting *Davila v. Davis*, 582 U.S. 521, 527 (2017)). A state-law procedural ground "is adequate if it is 'firmly established and regularly followed as of the time when the procedural default occurred.'" *Triplett v. McDermott*, 996 F.3d 825, 829 (7th Cir. 2021) (quoting *Richardson v. Lemke*, 745 F.3d 258, 271 (7th Cir. 2014)). A state-law procedural ground "is independent of federal law if it does not depend on

5

the merits of the petitioner's claim." *Id.* (citing *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (per curiam)). Brantley contends that the state appellate court addressed his claims on the merits. To the extent the court relied on a procedural rule, the application was not independent.

Under Wis. Stat. § 974.06(4), a defendant must raise all available claims for relief at the earliest opportunity. *Garcia v. Cromwell*, 28 F.4th 764, 772 (7th Cir. 2022) (citing *State v. Escalona-Naranjo*, 517 N.W.2d 157, 162 (Wis. 1994)). "Failure to do so bars relief under section 974.06 unless the defendant demonstrates a 'sufficient reason' to excuse the default." *Id.* "Ineffective assistance of postconviction counsel may be a sufficient reason, but *Allen* and *Romero-Georgana* establish an additional procedural requirement—in the form of a special pleading burden—when a prisoner's section 974.06 motion raises ineffective assistance of postconviction counsel as a reason to excuse his procedural default." *Id.* at 773–74. "One element of this pleading burden requires factual allegations showing that the defaulted claims were 'clearly stronger' than the issues postconviction counsel chose to present." *Id.* at 767 (citing *State v. Romero-Georgana*, 849 N.W.2d 668, 679 (Wis. 2014)). The Seventh Circuit has consistently held that this pleading rule, called the *Allen* rule, "is an adequate and independent state procedural rule." *Whyte*, 34 F.4th at 625 (citing *Triplett*, 996 F.3d at 830; *Lee v. Foster*, 750 F.3d 687, 693–94 (7th Cir. 2014)).

I. **The Wisconsin Court of Appeals labelled Brantley's claims procedurally barred.**

Here, the Wisconsin Court of Appeals rejected Brantley's claims under *Allen* and its progeny. Brantley didn't raise these claims in his direct appeal, so he needed to adequately allege a "sufficient reason" to overcome procedural default. Citing *Escalona-Naranjo* and *Romero-Georgana*, the court said "Brantley's postconviction motion failed to sufficiently allege deficient performance and prejudice. It failed to allege with specificity why trial counsel was

6

ineffective." Am. Pet. Ex. 6 ¶ 16, ECF No. 19-6. The Wisconsin Court of Appeals explicitly said it rested on procedural grounds: "Accordingly, Brantley's claim of ineffective assistance of counsel [] is procedurally barred." *Id.* ¶ 17 (citing *Escalona-Naranjo*, 185 Wis. 2d at 186). In short, the state appellate court rested on *Allen*. As explained above, the Seventh Circuit has consistently held that the *Allen* rule is an adequate and independent state procedural rule. Therefore, Brantley's claims are procedurally defaulted.

Brantley counters that he did sufficiently allege why trial and appellate counsel were ineffective. He submitted a 45-page motion, a reply brief, and many exhibits that explained "why." *See* Petr's Br. 9–11, ECF No. 27. "The 'why' requirement is particularly relevant here. To adequately allege that ineffective assistance of postconviction counsel qualifies as a 'sufficient reason' to excuse a procedural default, a prisoner must allege why the claims he now wants to raise are 'clearly stronger than the claims actually raised.'" *Garcia*, 28 F.4th at 773 (quoting *Romero-Georgana*, 849 N.W.2d at 678). A federal court, sitting in habeas, cannot second-guess whether a state court correctly applied its own procedural rule. *See Lee v. Foster*, 750 F.3d at 693–94. Whether Brantley's 974.06 motion was sufficiently pled according to Wisconsin's pleading requirements is outside the permissible scope of this court's review.

II. **The Wisconsin Court of Appeals applied the procedural rule independently.**

Brantley contends that, even if the *Allen* rule is generally independent, the rule wasn't applied independently here because the court "could not rationally have held[] that the precise and detailed factual allegations of Brantley's 45-page motion and its supporting documentation were somehow 'conclusory.'" *See* Petr's Br. 8–9, ECF No. 27. The motion's allegations were sufficient, so the "only possible explanation" is that the court ruled on the merits. *See id.* at 12. The Wisconsin Court of Appeals concluded that Brantley's new claims

7

weren't "clearly stronger" than the claims in his previous postconviction motions, but that assessment is not a determination on the merits. *See* Am. Pet. Ex. 6 ¶ 17, ECF No. 19-6. The Seventh Circuit addressed this argument in two recent cases.

A state procedural rule is not independent if its application is interwoven with federal law. "If it fairly appears that the state court rested its decision primarily on federal law or is interwoven therewith, a federal court may review the federal question unless the state court's opinion contains a plain statement that its decision rests on state grounds." *Triplett*, 996 F.3d at 829 (citation modified). In *Triplett v. McDermott*, 996 F.3d 825 (7th Cir. 2021), the Wisconsin Court of Appeals affirmed that Triplett hadn't adequately alleged that he was prejudiced by his counsel's ineffectiveness. *Id.* The federal habeas court "construed that holding as interwoven with the state court's assessment of the merits of the ineffectiveness claim." *Id.* The Seventh Circuit said the district court was mistaken: "The appellate court's decision makes clear that its holding was independent of the merits of the ineffectiveness claim and rested instead on Triplett's failure to comply with an independent state procedural rule as to the manner in which such a claim must be pleaded." *Id.* at 830.

Similarly, in *Garcia v. Cromwell*, 28 F.4th 764 (7th Cir. 2022), the Wisconsin Court of Appeals wrote that Garcia had not adequately alleged how and why his new claims were "clearly stronger" than the issues presented in his first postconviction motion. *Garcia*, 28 F.4th at 770. The habeas court suggested that *Romero-Georgana*'s "clearly stronger" pleading requirement was "really just a gloss on the *Strickland* framework for claims of ineffective assistance of counsel." *Id.* at 774. The Seventh Circuit disagreed: "Here, as in *Triplett*, the state court of appeals focused entirely on Garcia's failure to carry his pleading burden under *Romero-Georgana*: the court summarily affirmed Garcia's claims as 'procedurally barred,'

8

Case 2:21-cv-01197-SCD    Filed 11/12/25    Page 8 of 11    Document 29

citing *Escalona-Naranjo* and *Romero-Georgana*, and never engaged in a merits analysis of the defaulted *Strickland* claims." *Id.* at 774–75.

As in *Triplett* and *Garcia*, so too here. The Wisconsin Court of Appeals' opinion focused entirely on Brantley's pleading burden, labelled Brantley's claims as procedurally barred, and cited *Escalona-Naranjo* and *Romero-Georgana*. The court did not cite *Strickland*—although, citing *Strickland* in an alternate holding is not enough to turn a procedural judgment into a merits determination, because "the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." *See Whyte v. Winkleski*, 34 F.4th at 627 (quoting *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)). Here, the court applied the state procedural rule independently because it did not analyze the merits of Brantley's claims.

"Unless the petitioner can establish 'cause' for and 'prejudice' from the default, 'federal habeas review is at an end.'" *Garcia*, 28 F.4th at 771 (quoting *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010)). Brantley does not raise cause and prejudice. *See* Petr's Br., ECF No. 27.

Brantley argues that his claims are not procedurally defaulted because the Wisconsin Court of Appeals reached the merits of his claim. The Wisconsin Court of Appeals clearly and expressly relied on the *Allen* pleading regime to decide Brantley's claims were procedurally barred. The Seventh Circuit has consistently held that *Allen* an independent and adequate state procedural rule, and the application was independent in this case.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Where a district court denies a habeas petition on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (emphasis added). Here, reasonable jurists would not find it debatable whether Brown procedurally defaulted the claims raised in his federal habeas petition. I will therefore deny a certificate of appealability.

## CONCLUSION

In sum, federal merits review is foreclosed for Brantley's petition for habeas relief. The state appellate court's opinion rested on the independent and adequate state-law grounds established in *Allen*, *Escalona-Naranjo*, and *Romero-Georgana*, and Brantley has not argued an excuse for the default. Accordingly, for all the foregoing reasons, the court **GRANTS** the respondent's motion to dismiss petition for writ of habeas corpus, ECF No. 25; **DENIES** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody, ECF Nos. 1, 19; and **DISMISSES** this action. The court also **DENIES** the petitioner a certificate of appealability. The clerk of court shall enter judgment denying the petition and dismissing this action.

**SO ORDERED** this 12th day of November, 2025.

*Stephen C. Dries*

STEPHEN C. DRIES
United States Magistrate Judge